IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

SAM KLEIN,

        *Plaintiff*,

v.

TIMOTHY GLICK, RENEE GLICK, JACOB
J. GLICK, AARON COTTO, OFFICER
CHRISTIAN ROSARIO, in his individual
capacity, CARL JOHNSON, in his individual
capacity, SGT. MARC ZUCCERELLA, in his
individual capacity, and PAUL FERENCEK,
in his individual Capacity,

        *Defendants*.

Case No. 3:19-cv-01056-SRU

December 2, 2019

**DEFENDANTS' REPLY MEMORANDUM
IN SUPPORT OF MOTION TO DISMISS COMPLAINT**

This Reply memorandum is respectfully submitted on behalf of Defendants Jacob J. Glick ("Jacob"), Timothy Glick ("Timothy") and Renee Glick ("Renee") (collectively the "Glicks"), in support of their motion, pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(2), and 12(b)(6) to dismiss the Complaint dated July 3, 2019 ("Complaint") and in response to Plaintiff's Opposition filed on November 18, 2019.

    **I.**    **Plaintiff's Opposition is Untimely.**

Plaintiff's Opposition should not be considered by the Court because it is grossly untimely. Plaintiff's deadline to respond to the Glick's Motion was originally due on or before August 26, 2019. (Doc. No. 14)  Plaintiff filed its Motion for Extension of Time to respond to the Glicks' Motion to Dismiss (requesting a deadline of September 23, 2019) on September 12, 2019 (Doc. No. 22), which was granted on September 18, 2019 (Doc. No. 27). Plaintiffs Opposition

was ultimately filed **two months** after the extended deadline. Plaintiffs did not move for an extension of the September 23rd deadline.

Although Federal Rule of Civil Procedure 6(b) allows a court, "in its discretion," to extend any filing deadline "for cause shown," a **post-deadline** extension must be "upon motion made," and is permissible only where the failure to meet the deadline "was the result of excusable neglect." *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 875 (1990). Here, Plaintiff made no motion for extension of the September 23rd deadline nor any showing of "cause." Moreover, the failure to timely file did not result from "excusable neglect," since the court's order granting Plaintiff additional time, until September 23, 2019, to respond to the Motion, put Plaintiff on notice of same and was upon Plaintiff's request.

Therefore, Plaintiff's Opposition is untimely, should be disregarded, and Defendants' Motion should be considered unopposed. *See Williams v. Conn. Dep't of Corr.*, No. 3:16-CV-01612 (VAB), LEXIS 101636, at *4 n.4 (D. Conn. June 30, 2017) (Court did not consider Plaintiff's opposition where Plaintiff filed same 19 days after the deadline and did not request an extension of the deadline).

## II.  All claims against Jacob Glick should be dismissed for lack of personal jurisdiction and failure to state a claim against him.

In his Opposition, Plaintiff argues that personal jurisdiction over Jacob Glick exists because Cotto was "financed" by him. However, the Complaint does not say that Jacob Glick paid Cotto to do anything. The only allegations against Jacob individually are that he provided funds to his son (Complaint ¶9), who then paid funds to Defendant Cotto (a Wyoming resident) (Complaint ¶10), who allegedly called the police with information regarding Plaintiff (Complaint ¶9, 15, 47-48). Even accepting all Plaintiff's allegations as true, Jacob has not "purposely availed [himself] to the privilege of conducting activities within the forum state, thus invoking the

benefits and protections of its laws, such that the defendant should reasonably anticipate being haled into court there." *Nusbaum & Parrino v. Collazo de Colon & Juan Colon-Pagan*, 618 F. Sup. 2d 156, 159 (D. Conn. 2009). Importantly, Plaintiff fails to make any allegation that Jacob Glick took any actions *in Connecticut*.

As a result, any and all claims against Jacob Glick should be dismissed.

### III.    There is no civil claim for aiding and abetting liability under 42 U.S.C. § 1983.

Regarding aiding and abetting, Plaintiff cites to a string of cases purporting to recognize aiding and abetting liability in a Section 1983 claim. While we address each case below, we first note that each of the cases cited by Plaintiff pre-date the District Court's holding in *Theriot v. Woods* that:

> There is no civil aiding and abetting liability under 42 U.S.C. § 1983. The plain text of 42 U.S.C. § 1983 does not provide for aiding and abetting liability. Congress knows how to impose aiding abetting liability when it chooses to do so. If Congress intended to create and provide for aiding and abetting liability in 42 U.S.C. § 1983, it would have used or included the words "aid" and "abet" in § 1983, but Congress did not do so.

*Theriot v. Woods*, No. 2:09-cv-199, 2010 U.S. Dist. LEXIS 14253, at *18 (W.D. Mich. Feb. 18, 2010) (internal citations omitted), *see also W. Daniels Land Ass'n v. Wasatch Cty*., No. 2:10-cv-558, 2011 U.S. Dist. LEXIS 45269, at *3-4 (D. Utah Apr. 26, 2011) ("The U.S. Supreme Court has held… that there is no civil aiding and abetting liability absent congressional authorization by statute. … There is no civil aiding and abetting liability under 42 U.S.C. § 1983.")

In *Dwares v. City of N.Y.,* it was alleged that an officer – not a private individual, committed a direct violation – not aiding and abetting liability - under 42 U.S.C. § 1983 where he aided the actions of a private individual and therefore was subject to direct liability under

same. 985 F.2d 94 (2d Cir. 1993).[1] In *Dwares,* "the plaintiff alleged that defendant police officers had 'conspired with … 'skinheads' to permit the latter to beat up flag burners [at a demonstration] with relative impunity, assuring the 'skinheads' that … they would not be impeded or arrested." *Allen v. N.Y.C. Hous. Auth.,* 2012 U.S. Dist. LEXIS 130307, at *17 (S.D.N.Y. July 16, 2012) (citing *Dwares v. City of New York*, 985 F.2d 94 (2d Cir. 1993). The Court held that where states played a part in the creation of a particular danger or made a plaintiff more vulnerable to some danger, there could be a finding of a **direct** constitutional violation, **against the state or state actors**. *Id.* Therefore, in short, *Dwares* addresses whether or not state actors can be liable for **direct** liability under the statute for activity that "aid or abetts" private actors.

*Dwares* does state that a private individual *may* be subject to **direct** liability if he or she willfully collaborated with an official state actor in the deprivation of the federal right, but to support that proposition, *Dwares* cites to *Adickes v. S. H. Kress & Co*. which holds that acting "under color" of law for purposes of the statute requires that the defendant be a "willful participant in joint activity with the state or its agents." 398 U.S. 144, 146 (1970). This is inapplicable because (1) it addresses direct liability – not a claim for aiding and abetting liability; and (2) *Adickes* cites to *United States v. Price*, 383 U.S. 787, 794 (1966) which concerned a criminal prosecution. Ultimately, *Theriot v. Woods* clears this issue up for us, forty years after *Adickes,* stating clearly and definitively, that no civil claim for aiding and abetting exists.

Plaintiff also cites to *Yapi v. Kondratyeva* to support its argument that a claim for aiding and abetting exists under the statute, but that case does not contain the words "aiding" or "abet" anywhere in it. 340 Fed. Appx. 683 (2nd Cir. 2009). In fact, the Court in *Yapi* held "any potential 42 U.S.C. § 1983 claims against Kondratyeva, Averbourgh and Berliner fail, because they are

---

[1] The defendants in *Dwares* were police officers and the city – there were no private individual Defendants. *Id.*

private citizens generally not subject to § 1983 liability." *Yapi v. Kondratyeva*, 340 F. App'x 683, 684 (2d Cir. 2009).[2]

Plaintiff cites to *Wilson v. Town of Mendon,* where claims were brought against defendant towns, police chiefs, and officers, for events surrounding Plaintiff's arrest (no private actors were named as defendants). 294 F.3d 1, 3 (1st Cir. 2002). The plaintiff in *Wilson* sought joint tortfeastor/joint-venture liability – not aiding and abetting liability – and the joint venture would have been between two state actors (Crosby and Carchedi – two police officers). *Wilson v. Town of Mendon*, 294 F.3d 1, 3-4, 14 (1st Cir. 2002). Similarly, Plaintiff cites to *Walker v. Jackson* which involved only state actor defendants and cites to *Wilson v. Mendon*. 56 F. Supp. 3d 89, 92 (D. Mass. 2014).

Plaintiff cites to *Khulumani v. Barclay Nat. Bank Ltd.* likely because it says "[a]s Judge Newman observed, '[a] private individual acts under color of law within the meaning of section 1983 when he acts together with state officials or with significant state aid.'" However, the next lines of the case go on to say "[s]ubsequently, the Supreme Court has cautioned that the language from *Lugar*, which Judge Newman paraphrased, 'must not be torn from the context out of which it arose' … namely, an ex parte application for a writ of attachment." *Khulumani v. Barclay Nat'l Bank Ltd*., 504 F.3d 254, 313 (2d Cir. 2007). *Khulmani* discusses **direct** violations against private actors, citing *Dwares* and *Price. Id.* at 315-316. *Khulmani* is also unpersuasive because the claims brought in that case were pursuant to the Alien Tort Claims Act under 28 U.S.C.S. § 1350 and merely looked to the standards governing §1983 claims for guidance. *Id*. at 313.

---

[2] *Yapi* did go on to quote *Dwares* language that a private individual can be subject to direct liability, which was not addressed as part of the Court's ultimate holding (because the Court held that Plaintiff had not made any showing of collaboration) and is not applicable here, because a direct claim has not been brought against the Glick defendants, as addressed above.

Plaintiff cites to *Burton v. Stergue,* which is immediately inapplicable because the plaintiff brought a claim for **conspiracy** – not aiding and abetting. LEXIS 24082, at *9 (D. Conn. Sep. 29, 1998). The Court in *Burton* actually states "it is well-settled that 42 U.S.C. § 1983 applies only to action of the states and not to actions which are private." *Id.* at *15. The Court then goes on to examine the liability of state actors under a conspiracy theory "where the state actor 'directed or aided and abetted' action physically undertaken by private actors." *Id.* at *17. The plaintiffs in *Zeppieri v. New Haven* and *Fraklin v. Fox* did not bring claims for aiding and abetting either – but instead conspiracy. *Zeppieri v. New Haven Provision Co*., 163 F. Supp. 2d 126, 129 (D. Conn. 2001); *Fraklin v. Fox*, 312 F.3d 423, 428 (9th Cir. 2002).

Plaintiff argues that the caselaw cited by the Glick defendants do not apply because they relate to complaints of criminal activity or "arguable criminal activity" not civil capias. However, setting aside the fact that Plaintiff has not provided any case asserting a claim for aiding and abetting a 1983 claim, let alone one that is based on a civil capias, accepting Plaintiff's statements in its Complaint as true, Mr. Cotto believed he was reporting criminal activity. Certainly, someone who is "a thief who stole cars" is someone who has arguably conducted some criminal activity. Complaint ¶23. Moreover, according to Plaintiff, a police officer specifically stated "[i]t's a crime in my view." *Id.*

As a result, Plaintiff's claim asserting aiding and abetting liability under 42 U.S.C. § 1983 should be dismissed.

**IV.    All other arguments asserted in the Glick Defendants' Motion to Dismiss are unopposed.**

Plaintiff did not address Defendants arguments that (i) all claims against the Glicks should be dismissed for lack of subject matter jurisdiction; and (ii) all claims against the Glicks

should be dismissed because they are frivolous. As a result, the court should consider these arguments unopposed.

**V.      Conclusion**

Wherefore, the Glick Defendants respectfully request this Court grant their Motion to Dismiss in its entirety.

Respectfully submitted,

DISERIO MARTIN O'CONNOR & CASTIGLIONI LLP


**By:**      /s/Timothy P. Moylan
             Timothy P. Moylan
             Christina M. Volpe
             DISERIO MARTIN O'CONNOR &
             CASTIGLIONI, LLP
             One Atlantic Street
             Stamford, CT 06901
             Telephone: (203) 358-0800
             Facsimile: (203) 348-2321
             TMoylan@dmoc.com
             cvolpe@dmoc.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 2, 2019 a copy of the foregoing was filed electronically and served by mail upon anyone unable to accept electronic filing.  Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's CM/ECF System.

/s/ Timothy P. Moylan
Timothy P. Moylan
