UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SAM KLEIN,<br>        Plaintiff,<br><br>        v.<br><br>TIMOTHY GLICK, et al.,<br>        Defendants. | No. 3:19-cv-01056 (SRU) |

### RULING ON PLAINTIFF'S MOTION FOR RECONSIDERATION

Sam Klein ("Klein") moves for reconsideration of my order granting Paul Ferencek's ("Ferencek") motion to seal a copy of the printout from the National Crime Information Center ("NCIC") database referenced in the underlying complaint.  *See* Mot. for Recons., Doc. No 48. Klein's motion is premised on three grounds: (1) Ferencek never moved for a protective order to prevent dissemination of the NCIC printout, (2) Ferencek did not properly certify the motion to seal, and (3) "it would be manifestly unfair, inequitable and improper" for me to take judicial notice of a sealed document that Klein's counsel cannot review on the docket.  *Id*. at 2.  For the following reasons, the motion is **denied**.

The standard for granting motions for reconsideration is strict; motions for reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).  Motions for reconsideration will not be granted where the party merely seeks to relitigate an issue that has already been decided.  *Id.*  The three major grounds for granting a motion for reconsideration in the Second Circuit are: (1) an intervening change of controlling law, (2) the availability of new evidence, or (3) the need to correct a clear error or

prevent manifest injustice.  *See Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (citing 18 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure* § 4478).

Here, Klein cannot point to controlling decisions or data that I overlooked, nor does he provide any authority to support his position.  Instead, he merely references an email with Ferencek's counsel regarding his inability to access the document.  *See* Mot. for Recons., at 1.  Moreover, Klein does not explain why he needs to review the NCIC document in order to prosecute his claims.  Because there has been no intervening change of controlling law, there is no new evidence, and there is no need to correct a clear error or prevent manifest injustice, Klein's motion for reconsideration is **denied.**

### Conclusion

For the reasons states above, Klein's motion for reconsideration (doc. no. 48) is **denied** without prejudice.

So ordered.

Dated at Bridgeport, Connecticut, this 18th day of June 2020.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge